UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WHITNEY PHILLIPS AND IAN PHILLIPS,

   Plaintiffs,

v.                                     CASE NO.: 3:23-cv-01041-TJC-MCR

ASHLEY GRAYSON AND DIGITAL COURSE RECIPE,

   Defendants.

_____/

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**COMES NOW**, Defendants ASHLEY GRAYSON and DIGITAL COURSE RECIPE, (hereinafter referred to as "Defendants"), by and through the undersigned Counsel and pursuant to FRCP 12(b)(2) and 28 USC § 1332 and hereby files this Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction and subject matter jurisdiction and in support thereof states as follows:

1. Plaintiffs Whiteney Phillips and Ian Phillips filed a one count complaint against Defendants Ashely Grayshon and Digital Course Recipe for alleged Negligence in publishing a "success story" on a closed online forum that required membership to view.

2. Plaintiffs are the clients of the Defendant Ashley Grayson's business Digital Course Recipe.

3. The Defendants were given permission to make the post Plaintiffs are complaining about and the post did not contain either Plaintiffs' social security number.

4. The Plaintiff Whitney Philips sent text messages and emails to Ashley Grayson consenting to the publication of Plaintiff Whitney Phillips' "success story."

5. The text messages and emails regarding the consent and content of the "success story" were received by Defendants in Concord, North Carolina where Defendant Ashley Grayson resides and runs her business Digital Course Recipe

## MEMORANDUM OF LAW

### As to Personal Jurisdiction

A defendant has an unqualified right to have an order entered granting a motion to dismiss when the court has no jurisdiction over the defendant. Read v. Ulmer, C.A.5 (La.) 1962, 308 F.2d 915. As general rule, motion to dismiss for lack of personal jurisdiction should be denied if complaint alleges sufficient facts to support reasonable inference that defendant could be subjected to jurisdiction of court. Cable News Network, Inc. v. Video Monitoring Services of America, Inc., N.D.Ga.1989, 723 F.Supp. 765. Granting of motion to dismiss due to lack of personal jurisdiction over nonresident defendant is dispositive in nature; therefore, it is necessary to afford nonmoving party the most favorable construction, but that does not relieve nonmoving party of burdens of pleading, production or going forward. Baltimore and Ohio R. Co. v. Mobile Tank Car Services, N.D.Ohio 1987, 673 F.Supp. 1436.

"The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). The plaintiff bears the burden of establishing the court's personal jurisdiction over the defendants. *Id.*; *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). A plaintiff

may not stand on its pleadings alone to meet this burden; he or she must "set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F.2d at 1458.

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen,* 935 F.2d at 1458 (citing *Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989)). The method selected is left to the discretion of the district court. *Id.*

A court, in determining whether it can exercise personal jurisdiction over a nonresident defendant based on the defendant's online presence, "look[s] to the 'nature and quality of commercial activity that an entity conducts over the Internet.' " *Mink,* 190 F.3d at 336 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997)). To structure this inquiry, courts frequently draw on the test set forth in *Zippo,* which "categorized Internet use into a spectrum of three areas" as follows:

At one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which "involve the knowing and repeated transmission of computer files over the Internet...." In this situation, personal jurisdiction is proper. At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of

interactivity and commercial nature of the exchange of information that occurs on the Website." 721 Bourbon, Inc. v. House of Auth, LLC 140 F. Supp 3d 586 (E.D.L.A. 2017).

### As to 28 USC § 1332 Subject Matter Jurisdiction

In opining on the threshold requirements of Diversity Jurisdiction imposed by 28 USC § 1332, the Federal Courts have stated, this section was to reduce congestion in federal district courts partially caused by large number of civil cases being brought under long-standing $3,000 jurisdictional rule.  Horton v. Liberty Mut. Ins. Co., U.S.Tex.1961, 81 S.Ct. 1570, 367 U.S. 348, 6 L.Ed.2d 890, rehearing denied 82 S.Ct. 24, 368 U.S. 870, 7 L.Ed.2d 70.

Congress intended drastically to restrict federal jurisdiction in diversity cases.  Breault v. Feigenholtz, C.A.7 (Ill.) 1967, 380 F.2d 90, certiorari denied 88 S.Ct. 591, 389 U.S. 1014, 19 L.Ed.2d 660.  In raising jurisdictional amount in federal diversity action from $3,000 to $10,000, Congress intended to relieve federal courts of litigation of relatively minor importance.  Gauldin v. Virginia Winn-Dixie, Inc., C.A.4 (Va.) 1966, 370 F.2d 167.

In setting jurisdictional amount at $10,000, it was intention of Congress to remove from federal courts claims which were insubstantial in character and which contributed to mounting backlogs of courts.  Suarez v. Lufthansa Airlines, D.C.Puerto Rico 1971, 337 F.Supp. 60.  It was intention of Congress in raising requisite jurisdictional amount in diversity of citizenship cases, to remove from federal courts claims insubstantial in character which contributed to the mounting backlogs in such courts.  Brown v. Bodak, S.D.N.Y.1960, 188 F.Supp. 532.  The purpose of making the amount in controversy in a case determinative of federal court jurisdiction has been to prevent the dockets of federal courts from being overcrowded with small cases which should be brought in state courts which are fully equipped to decide such cases.  Lorraine

Motors, Inc. v. Aetna Cas & Sur. Co., E.D.N.Y.1958, 166 F.Supp. 319. In continuing the theme of limiting the jurisdiction of the Federal Court above minor disputes between citizens of different states, the Congress raised the jurisdictional limit for diversity of citizenship cases to $75,000.00 in 1996. *See* 28 USC 1332 (2023).

## ANALYSIS

In the case at bar, neither Defendant maintains any minimum contacts with the Middle District of Florida for this Court to exercise contacts based general jurisdiction. The alleged tortious act occurred in Concord, North Carolina, and the Defendants deny that the Plaintiff did not consent to the "success story" being published. The "success story" did not contain any confidential information and did not contain either Plaintiffs' social security number.

The website Plaintiffs complaint of contained mere passive advertisements and thus Defendants can not be subject to the jurisdiction of this Court under the *Zippo* sliding scale. This is evidenced by the Plaintiffs messaging Defendants by text messages and emails rather than interacting on the online forum.

While this Case must be dismissed for lack of personal jurisdiction, this case must also be dismissed for lack of subject matter jurisdiction. The Plaintiffs are suing Defendants for a common law tort Negligence. The Plaintiffs have claimed to have suffered $2,000,000.00 in losses, however to meet the jurisdictional threshold of $75,000.00 required by 28 USC §1332, the Plaintiff must demonstrate actual losses of above $75,000.00.

Here, the Plaintiffs' have not pled the basis for ANY actual monetary loss let alone $2,000,000.00. The Plaintiffs have not pled any facts as to how the losses were calculated or how any loss was incurred. All of Plaintiffs' damages are speculative at best. Therefore,

pursuant to 28 USC §1332, the case must be dismissed for failure to plead facts showing their case has met the $75,000.00 threshold . Thus failed to invoke the jurisdiction of this Court.

**WHEREFORE**, Defendants ASHLEY GRAYSON and DITIGAL COURSE RECIPE respectfully request this Honorable Court enter an Order granting this Motion Dismissing Plaintiff's Complaint and grant any further relief this Court deems appropriate.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 16th day of October, 2023, pursuant to Federal Rule of Civil Procedure 5, the foregoing was electronically filed with the Clerk of Court via Florida's e-Portal.

**COOKE CARBONELL LLP**
*Counsel for Defendants*
10720 Caribbean Blvd, Suite 540
Cutler Bay, FL 33189
Tel: 786-701-9777
Fax: 305-259-7148
Primary: litigation@cookecarbonell.com
Secondary: rcooke@cookecarbonell.com


By: ROBERT F. COOKE, ESQ.
**Robert F. Cooke, Esq.**
F.B.N.: 590533