UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WHITNEY PHILLIPS AND IAN PHILLIPS,

    Plaintiffs,

v.

                                        CASE NO.: 3:23-cv-01041-TJC-MCR

ASHLEY GRAYSON AND DIGITAL COURSE
RECIPE,

    Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Defendants ASHLEY GRAYSON and DIGITAL COURSE RECIPE by and through their undersigned Counsel and hereby files this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and in support thereof States as follows:

### PRELIMINARY STATEMENT

Plaintiffs' failure to include a jurisdictional statement in its Complaint cannot be cured by asserting grounds for jurisdiction in response to Defendants' Motion to Dismiss. The content within the four corners of Plaintiffs' Complaint, assumed as true, fails to allege or otherwise plead sufficient facts for this Court to establish personal jurisdiction and subject matter jurisdiction over the Defendants. Therefore, Plaintiffs' complaint must be dismissed for failing to plead sufficient facts to establish personal jurisdiction and subject matter jurisdiction.

## FACTS

1. On September 3, 2023, Plaintiffs filed their Complaint for Negligence against the Defendants alleging Defendants owed a duty of care to Plaintiffs' regarding the handling of personal information and that Defendants breached this duty of care by publishing private information on a public platform without proper safeguards.

2. Plaintiffs alleged Defendants' negligence caused $2,000,000.00 in damages to the Plaintiff for which Plaintiff seeks to be compensated.

3. Section II of Plaintiffs' complaint says jurisdiction, but there are no allegations made under this section.

4. Plaintiffs do not allege any facts in support of invoking this Court's jurisdiction over the Defendants.

5. There are no allegations that any of the alleged 400,000 followers reside in Florida other than the Plaintiffs.

6. Nor are there any allegations to support the claim that the Plaintiffs in fact suffered $2,000,000.00 in damages.

7. Plaintiffs do not allege anyone stole their identity or made unauthorized transactions on their behalf resulting from Defendants' negligence.

8. There is no allegation that Defendants' negligence caused physical manifestations of emotional distress.

9. Plaintiffs do not say where the acts occurred or where the damages occurred.

10. Plaintiffs' Complaint amounts to a mere grievance of a perceived wrong that did not result in any damages.

11. On October 16, 2023, Defendants filed a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction because Plaintiffs failed to plead or otherwise allege any facts to support this Court's personal jurisdiction of the Defendants.

12. On October 17, 2023, Plaintiffs filed a response to Defendant's motion to dismiss arguing the Defendants website was not passive advertisement but rather interactive. *See page 3 paragraph 2 of Plaintiffs' Response to Defendants' Motion to Dismiss.*

13. Plaintiffs and Defendants dispute whether Defendants' Website was passive advertisement verses interactive, which generally would require an evidentiary hearing. However, Plaintiff failed to make such a pleading in its complaint. This dispute arose in Plaintiffs' response to Defendants' Motion to Dismiss, which is not a pleading.

14. Plaintiffs' Complaint lacks any allegations as to Defendants' website being interactive.

15. Plaintiffs' arguments as to meeting the subject matter jurisdictional threshold required by 28 U.S.C. § 1332 fail as *ipse dixit*.

16. Plaintiffs merely assert that they have been damages in an amount of $2,000,000.00 but fail to demonstrate or even allege to a reasonable certainty that such amounts are remotely accurate.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendants. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir.

2010). The court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendants' affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendants sustain their burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony, or other evidence of its own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The plaintiff must do more than "merely reiterate the factual allegations in the complaint." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Where the evidence conflicts, however, the district court must construe all reasonable inferences in favor of the plaintiff. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010)

As for Subject matter jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- (1) citizens of different States;" 28 U.S.C. § 1332(a)(1). The purpose of making the amount in controversy in a case determinative of federal court jurisdiction has been to prevent the dockets of federal courts from being overcrowded with small cases which should be brought in state courts which are fully equipped to decide such cases. *Lorraine Motors, Inc. v. Aetna Cas & Sur. Co.*, 166 F.Supp. 319 (E.D.N.Y.1958)

Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). If . . . a complaint does not state the requisite amount and if the

amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* — U.S. —, 135 S.Ct. 547, 553, 190 L.Ed.2d 495 (2014). A court may consider "the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 438 (S.D.N.Y.2006).

## ANALYSIS

In the case at bar, Plaintiff does not allege this Court has jurisdiction. The only indication of this Court's jurisdiction is the fact Plaintiff filed its suit here. Defendants are residents of North Carolina. The social media posts are made to private individuals who have requested contact with the Defendant.

The Defendants have no contacts with Florida. All contacts made with Plaintiff originated in North Carolina and all the acts Plaintiffs complaint of occurred in North Carolina. The Defendants did not avail themselves to the jurisdiction of this Court. More importantly, Plaintiffs complaint fails to plead any facts to establish jurisdiction over the Defendants. Defendants attempt to remedy this error by arguing the basis for personal jurisdiction over Defendants in their response to the Defendants motion to Dismiss. However the law is clear, "To withstand a motion to dismiss, the plaintiff must **plead** sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendants. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010).

As to subject matter jurisdiction, both Plaintiffs' Complaint and Response to Defendants' Motion to Dismiss fail entirely to properly assert subject matter jurisdiction over the Defendants.

Plaintiffs do not state the word diversity jurisdiction anywhere in their complaint, and the assertion of $2,000,000.00 in damages suffered by Plaintiffs is not supported by any evidence. There is not a single allegation pled as to how the Plaintiffs were damaged in the amount of $2,000,000.00. There is not one receipt, doctors bill, police report, or any evidence whatsoever to establish any damages arising from the alleged Negligence of the Defendants. The Plaintiffs' assertions of being damaged in the amount of $2,000,000.00 by Defendants' conduct are not rooted in fact or evidence.

Considering the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy, the jurisdictional threshold argued by Plaintiffs does not rise to the amount necessary to satisfy the evidentiary requirements set forth in *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 438 (S.D.N.Y.2006).

**WHEREFORE**, for the reasons stated above, Defendants ASHLEY GRAYSON and DITIGAL COURSE RECIPE respectfully request this Honorable Court enter an Order granting Defendants' Motion to Dismiss and Dismissing Plaintiffs' Complaint and grant any further relief this Court deems appropriate.

**[THE REST OF THE PAGE IS INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 1st day of November, 2023, pursuant to Federal Rule of Civil Procedure 5, the foregoing was electronically filed with the Federal Court's CM/ECF platform causing same to be served on all parties or their counsels of record.

**COOKE CARBONELL LLP**
*Counsel for Defendants*
10720 Caribbean Blvd, Suite 540
Cutler Bay, FL 33189
Tel: 786-701-9777
Fax: 305-259-7148
Primary: litigation@cookecarbonell.com
Secondary: rcooke@cookecarbonell.com

By: <u>ROBERT F. COOKE, ESQ.</u>
    **Robert F. Cooke, Esq.**
    F.B.N.: 590533