UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WHITNEY PHILLIPS and
IAN PHILLIPS,
Plaintiffs,

Case No:**3:23-cv-01041-TJC**

Vs.
ASHLEY GRAYSON and
DIGITAL COURSE RECIPE,
Defendants,

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN SUPPORT OF THEIR MOTION TO DISMISS

COMES NOW, the Plaintiffs, WHITNEY PHILLIPS and IAN PHILLIPS, in opposition to Defendants' Motion to Dismiss, respectfully submit this reply:

### INTRODUCTION

The Defendants' assertion that the Plaintiffs have not established jurisdiction is without merit. Plaintiffs' Complaint clearly sets forth facts that, taken as true, are sufficient to establish both personal and subject matter jurisdiction over the Defendants.

### ARGUMENT

I. PERSONAL JURISDICTION

Plaintiffs' Complaint alleges specific facts that, if true, demonstrate Defendants' intentional and tortious conduct directed at Plaintiffs in Florida, thus satisfying the requirements for personal jurisdiction under the long-arm statute and consistent with due process.

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) articulates the standard for personal jurisdiction, and the Defendants' conduct falls within this standard given their targeted actions towards Florida residents. Defendants' intentional act of disclosing

Plaintiffs' personal information via a platform with significant Florida contacts creates sufficient minimum contacts within this District.

Contrary to Defendants' argument, Plaintiffs have indeed established a prima facie case for personal jurisdiction. Defendants have more than minimal contacts with the State of Florida that are neither random nor fortuitous. As established through the attached Exhibits A-D, the Defendant has engaged in systematic and continuous business operations within Florida, thereby satisfying the requirements for personal jurisdiction.

A. Continuous Business Operations in Florida

Exhibit A, the business registration of Lexi Lux LLC, confirms Defendant's business presence in St. Petersburg, FL, which is a clear demonstration of substantial and not isolated activity within the state.

B. Staff Employment Within Florida

Exhibit B, a Facebook post from the Defendant dating back to 2022, highlights staff members located in Florida, signifying ongoing business-related activities within the jurisdiction.

C. Business Promotion Through Florida-Based Affiliates

Exhibit C reveals that an affiliate, promoting Defendant's business services, is located in Miami, FL. This shows the Defendant's deliberate engagement in Florida's market, further establishing substantial contacts within the state.

D. Acknowledgment of Florida Client Base

Most compellingly, Exhibit D showcases a public post on Defendant's page concerning the cancellation of payments for clients in Florida due to a hurricane. The interactions and responses to this post provide irrefutable evidence of Defendant's business activities and client interactions within Florida.

These exhibits demonstrate Defendant's purposeful availment of conducting activities within Florida, thus invoking the benefits and protections of its laws. This suffices to

establish the requisite minimum contacts needed for personal jurisdiction under the due process clause.

## II. SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1332, diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. Plaintiffs have alleged facts that demonstrate a reasonable probability that the claim exceeds the statutory amount. The Defendants' focus on the lack of itemized damages at this stage of the proceedings is premature. See Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 (1943) ("A statement of damages in the complaint will usually control unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount...").

## III. PLAINTIFFS HAVE PLED FACTS SUFFICIENT TO SUPPORT JURISDICTION

Defendants' motion incorrectly suggests that Plaintiffs have not pled sufficient facts to support jurisdiction. The complaint does not need to establish jurisdiction; it must merely allege sufficient facts which, taken as true, suggest potential grounds for jurisdiction. Plaintiffs' Complaint and the attached exhibits sufficiently plead facts that, if accepted as true, invoke this Court's jurisdiction.

## IV. PLAINTIFFS' DAMAGES ARE NOT SPECULATIVE

Plaintiffs have alleged various forms of concrete damages including emotional distress, financial loss, and the costs associated with safeguarding their family due to Defendants' negligence. Plaintiffs have alleged damages that are substantial in both economic and non-economic terms. The extent of the Plaintiffs' damages can be determined through discovery and are not appropriately dismissed at the motion to dismiss stage.

## **MEMORANDUM OF LAW**

### I. LEGAL STANDARD FOR PERSONAL JURISDICTION

Under Federal Rule of Civil Procedure 4(k), a federal court exercises personal jurisdiction over a defendant in a manner consistent with the jurisdictional laws of the state in which the district court sits. The Florida long-arm statute, Fla. Stat. § 48.193,

provides for jurisdiction over persons committing a tortious act within the state. Furthermore, the due process clause requires that nonresident defendants have "certain minimum contacts" with the forum state such that the maintenance of the lawsuit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The minimum contacts standard is satisfied when the defendant "purposefully avails" itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. The evidence provided herein shows that Defendants engaged in significant activities that were purposefully directed toward Florida, a fact that substantiates the exercise of personal jurisdiction.

## II. LEGAL STANDARD FOR SUBJECT MATTER JURISDICTION

Subject matter jurisdiction in diversity cases is governed by 28 U.S.C. § 1332(a), which requires complete diversity among the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. The Supreme Court has articulated that the sum claimed by the plaintiff controls if the claim is apparently made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The allegations of the Complaint, coupled with the Exhibits provided, demonstrate a claim well in excess of the jurisdictional minimum, thus satisfying the requirements of § 1332(a).

## III. APPLICATION TO THE INSTANT CASE

The Defendants' contacts with the state of Florida are substantial and not random, isolated, or fortuitous. As evidenced by the Exhibits A through D, the Defendants have maintained a persistent course of conduct within Florida that gives rise to Plaintiffs' claim. The systematic and continuous local business presence and interactions with Florida residents are sufficient to establish personal jurisdiction.

Regarding subject matter jurisdiction, the Plaintiffs have pleaded in good faith claims for damages that exceed the jurisdictional threshold. The specificity of the claims and the direct causal link to Defendants' actions, as elaborated in the Complaint, prevent a finding of legal certainty that the claims are worth less than the statutory minimum.

## CONCLUSION

Based upon the foregoing Memorandum of Law, and the arguments and authorities cited herein, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss for lack of personal and subject matter jurisdiction and allow Plaintiffs to proceed with their claims.

Respectfully submitted,
Whitney Phillips and Ian Phillips

[Remainder of page intentionally left blank]

CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 3rd day of November, 2023, the foregoing was filed electronically with this Court. Service will be effectuated on all parties and counsel of record by the Court's electronic notification system.

IAN PHILLIPS and
WHITNEY PHILLIPS
3508 Rustlewood Ct
Middleburg, Florida 32068
TEL: 904-597-9221
Email: wmbryant327@icloud.com

**Exhibit A- Registered address for Lexi Lux LLC a business owned by Defendant Ashley Grayson**

# Lexi Lux LLC

**Company Number**
2023-001266843

**Status**
Active

**Incorporation Date**
10 May 2023 (5 months ago)

**Company Type**
Limited Liability Company

**Jurisdiction**
Wyoming (US)

**Registered Address**
[redacted]

St. Petersburg

33702

FL

USA

**Agent Name**
Registered Agents Inc

**Agent Address**
30 N Gould St Ste R, Sheridan, WY, 82801, USA

**Directors / Officers**

Ashley Keyana Grayson, organizer

Registered Agents Inc, agent

**Exhibit B**-Facebook Post of defendant Ashley Grayson naming her employees who she states she gave them all bonuses of which she names a StaceyGordon who lives in florida based on her posts on her personal timeline.



**Exhibit C**-Business Promotion Through Florida-Based Affiliates



**Exhibit D**- Acknowledgment of Florida Client Base

