UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE

WHITNEY PHILLIPS and
IAN PHILLIPS,

    Plaintiffs,

v.                                Case No. 3:23-CV-01041-TJC-MCR

ASHLEY GRAYSON and
DIGITAL COURSE RECIPE,

    Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 11/01/2023. Whitney Phillips and Robert Cooke attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/04/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/04/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 12/26/2023 |
| Defendant | 12/26/2023 |
| Rebuttal | 12/29/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 02/01/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 01/10/2024 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 01/15/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 01/22/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | TBD |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | TBD |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 03/15/2024 |
| Month and year of the trial term. | 05/22/2024 |

The trial will last approximately 2 days and be

2

☑ jury.

☐ non-jury.

3. **Description of the Action**

This action seeks damages for the deliberate online disclosure of personal information by Defendant Ashley Grayson, under the business name Digital Course Recipe. Plaintiffs allege the Defendant negligently shared their private tax document on social media, exposing their Social Security numbers and address to a large audience. The complaint includes claims for negligence, invasion of privacy, and emotional distress, with the Plaintiffs seeking compensatory and punitive damages, as well as injunctive relief. The Plaintiffs contend that the Defendant's act was malicious, necessitating an expedited discovery to assess the extent of harm and prevent further privacy breaches.

4. **Disclosure Statement**

☑ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☑ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can

> provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

- ☑ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."
- ☐ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☑ The parties do request a preliminary pretrial conference, and the parties want to discuss:
   1) Plaintiffs and defendants cannot agree to dates for the scheduling order
   2) Preservation of electronically stored information

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☑ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☑ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:
      1. Intent and Malice
      2. Electronic Evidence
      3. Financial and Personal Harm
      4. Damages
      5. Preservation of Evidence
      6. Retaliatory Behavior
      7. Third-Party Communications

   C. Discovery should be conducted in phases:

      ☑ No.
      ☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☑ Yes; There are issues concerning the disclosure, discovery, and preservation of electronically stored information (ESI). Given that the alleged misconduct was conducted via Facebook, a significant portion of the relevant evidence is expected to be in the form of digital communications and postings on the social media platform. The Plaintiffs anticipate requesting comprehensive data from Facebook, including but not limited to posts, messages, metadata, and login records that may be pertinent to the case. Additionally, the Plaintiffs will seek cell phone records that may contain relevant information, such as text messages and call logs. There is a particular concern regarding the preservation of this data, as electronic information can be easily and quickly altered or deleted. Therefore, Plaintiffs request that a preservation order be put in place to ensure that all such ESI is retained for the duration of this case. The Plaintiffs propose to discuss a detailed ESI protocol with the Defendants to agree upon the scope and manner of ESI preservation and production.

E.
☑ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☑ No.
☐ Yes; describe the stipulation.

10. Request for Special Handling

6

- ☐ The parties do not request special handling.
- ☑ The parties request special handling. Specifically,

    The parties request special handling. Specifically, Yes, Plaintiffs request special handling due to the sensitive nature of the electronically stored information involved, including the Plaintiff's Social Security number and home address, and the potential for ongoing harm if this information remains publicly accessible. Expedited discovery and handling may be necessary to mitigate the damages by securing a swift preservation and retrieval of the sensitive data posted online and to prevent further dissemination. Additionally, given the alleged intentional and malicious actions of the Defendant, there is an increased risk of spoliation of evidence. Therefore, an expedited process may be required to ensure the preservation of digital evidence, including but not limited to social media data and electronic communications, which can be easily altered or deleted.

    Finally, the Plaintiffs believe that there is a substantial public interest in addressing these types of privacy violations promptly, particularly when they involve the misuse of personal information on widely accessible social media platforms. Prompt resolution of this matter will not only serve the interests of the Plaintiffs but may also set a precedent for the handling of similar cases involving the unauthorized disclosure of personal information online.

- ☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

    ☑ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

7

_Whitney Phillips_
Whitney Phillips
Date: 11/05/2023

_Ian Phillips_
Ian Phillips
Date: 11/05/2023

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature