## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WHITNEY PHILLIPS and IAN
PHILLIPS,

     Plaintiffs,

                                 Case No. 3:23-cv-1041-TJC-MCR

v.

ASHLEY GRAYSON and DIGITAL
COURSE RECIPE,

     Defendants.

_____

## <u>O R D E R</u>

**THIS CASE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. Doc. 22. The Plaintiffs have brought this case alleging jurisdiction under 28 U.S.C. §1332, requiring diversity of citizenship and an amount in controversy of more than $75,000. Plaintiffs are both citizens of Florida. Ashley Grayson is a citizen of North Carolina and runs her business, Digital Course Recipe, from North Carolina. Doc. 22 at 2. Plaintiffs allege Defendants negligently posted confidential information on a social media platform and seek two million dollars in damages based on emotional distress and financial losses.

Defendants' dispute subject matter jurisdiction, alleging the amount in controversy has not been properly met.[1] Doc. 22 at 4–5. Defendants' also dispute personal jurisdiction alleging Plaintiffs' have not met either the requirements of Florida's long-arm statute nor federal due process requirements.[2] Doc. 22 at 2–4.

## I.   FACTS

Plaintiffs were clients of Grayson's business, Digital Course Recipe, which provides coaching for business success. Plaintiffs shared a photo with Grayson by text that contained their address, income, and a social security number. Doc. 1. Plaintiffs allege Defendants posted the same photo on social media, and thereby improperly shared Plaintiffs' personal information, including a Florida address, with Defendants' 400,000 plus followers.

Plaintiff's complaint does not include details to support the amount in controversy, it merely states a claim for damages. In opposition to the Motion to Dismiss, Plaintiffs claim the improper posting resulted in emotional harm and caused economic damages related to loss of income[3] and relocation.

---

[1] Defendants also dispute many of the facts, but the facts are viewed in the light most favorable to Plaintiffs.

[2] The Court is skeptical as to whether there is personal jurisdiction. Nonetheless, in light of the Court's ruling that the amount in controversy has not been established as required for diversity jurisdiction, it is unnecessary for the Court to rule on whether personal jurisdiction exists.

[3] The loss of income is attributed to safety concerns, resulting in having to homeschool Plaintiffs' children. Doc. 23 at 4.

Plaintiffs' do not include any actual amounts of lost income or for relocation expenses. See Doc. 23 at 4. Moreover, the claim about relocation and sale of Plaintiffs' primary residence is inconsistent with other court filings. [4] In addition to this lawsuit (filed in 2023), Whitney Phillips has filed three other lawsuits between 2022 and 2024 with this Court. Her address for all four cases is the same and is the same address Ian Phillips lists for this case.

## II.   Analysis

"To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018). The party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Federated Mut. Ins. Co. v. McKinnon Motors, Inc., 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted).

Here the Plaintiffs' have not provided any information about actual economic damages and provide no evidence to value an emotional distress claim. Moreover, the claim of relocation expenses is suspect. Plaintiffs claim to have sold their primary residence, but the address for multiple cases filed in

---

[4] The other cases are 3:22-cv-811-MMH-PDB; 3:23-cv-1203-HES-LLL; and 3:24-cv-474-TJC-LLL.

this district and division, both before and after this case, use the same street address and Plaintiffs have not provided an updated address to this Court.[5]

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiffs' Complaint, Doc 22, is **GRANTED without prejudice**. The Court is skeptical Plaintiffs can establish the amount in controversy as required but will provide Plaintiffs an opportunity to amend. If Plaintiffs wish to try again, they may file an amended complaint no later than **July 30, 2024**.

2. Plaintiffs' Amended Motion to Modify Scheduling Order, Doc. 43; Motion to Compel Discovery Responses and Document Production, Doc. 44; and Motion for Expedited Consideration of Amended Motion to Modify Scheduling Order, Doc. 47; are all **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of July, 2024.



Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

---

[5] The post was on or around August 11, 2023. See Doc. 1-1 at 8.

4

Counsel of record