UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WHITNEY PHILLIPS and
IAN PHILLIPS,

      Plaintiffs,

v.                                        CASE NO. 3:23-cv-1041-TJC-MCR

ASHLEY GRAYSON and DIGITAL
COURSE RECIPE,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Default Judgment (Doc. 53) and Plaintiff's Amended Motion for Default Entry (Doc. 55).  Upon consideration of the Motions and as explained below, both Motions are **DENIED without prejudice.**

### I.    Plaintiff's Motions

On August 21, 2024, Plaintiff Whitney Phillips ("Plaintiff") requested an entry of Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Doc. 53 at 1).  Plaintiff indicates that Defendant Ashley Grayson ("Defendant Grayson") was required to respond to the Amended Complaint on August 13, 2024 (*Id.*).  Plaintiff contends that, because Defendant Grayson has not responded to the Amended Complaint, this Court

should enter a Default Judgment against her (*Id.* at 2). Plaintiff attaches Exhibit A thereto, offering a screenshot of an e-mail correspondence as proof of service (Doc. 53-1).

On August 21, 2024, Plaintiff filed an Amended Motion for Default Entry, requesting that this Court enter Default against both Defendant Grayson and Digital Course Recipe ("Defendant Digital Course") (collectively "Defendants") (Doc. 55 at 1). Therein, Plaintiff cites to Federal Rule of Civil Procedure 55(a) and attaches Exhibit A, depicting two email screenshots labeled Attachment 1 and Attachment 2 (Doc. 55-1).

## II.   Standard

Regarding a request for default judgment, Federal Rule of Civil Procedure 55 "presents a two-step process for a plaintiff to obtain a default judgment." *Daise v. Washington*, No. 21-10281, 2022 WL 405404, at *2 (11th Cir. Feb. 10, 2022) (citing Fed. R. Civ. P. 55). First, a plaintiff must apply to the clerk for an entry of default pursuant to Rule 55(a). *Id.* (citing Fed. R. Civ. P. 55(a)). Second, "after the clerk's entry of default—and if 'the plaintiff's claim is [not] for a sum certain or a sum that can be made certain by computation'—the plaintiff 'must apply to the court for a default judgment.'" *Id.* (citing Fed. R. Civ. P. 55(b)); *see also* Middle District of Florida Local Rule 1.10(b), (c) (setting out separate deadlines to apply for default and to apply for default judgment in accordance with the two-step

2

process in Federal Rule of Civil Procedure 55).

Regarding a request for an entry of default, Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

### III.  Analysis

Presently, it appears that Plaintiff requested that the Court enter a default judgment against Defendant Grayson pursuant to Federal Rule of Civil Procedure 55(b)(2) (Doc. 53 at 2) before applying for default under Rule 55(a) (*see* Doc 55).[1]  Given this improper procedure and premature filing, Plaintiff's Amended Motion for Default Judgment is **DENIED without prejudice.**

Turning to Plaintiff's Amended Motion for Default Entry, Plaintiff states that it served Defendants with an amended complaint and summons on July 30, 2024 (Doc. 55 at 1).  Plaintiff also provides that Defendants' response to the amended complaint was due on August 13, 2024 (Doc. 55 at

---

[1] The Court notes that Plaintiff previously applied for entry of default against both Defendants on October 6, 2023 (Doc. 19); however, the Court subsequently denied Plaintiff's request on October 31, 2023 (Doc. 25).

1).[2] However, Plaintiff does not offer proof of service for its amended complaint; at most, Plaintiff offers a nondescript image of an e-mail correspondence as proof of service (Doc. 55-1). In accordance with Local Rule 1.01(a), "[w]ithin twenty-one days after service of a summons and complaint, a party must file proof of service." Plaintiff has not done so as it pertains to Plaintiff's amended complaint.[3] Consequently, because Plaintiff has failed to offer proof of service other than providing a screenshot of an email message with essentially no identifying information, Plaintiff's Amended Motion for Default Entry is **DENIED without prejudice.**

Accordingly, it is **ORDERED**:

1. Plaintiff's Amended Motion for Default Judgment is **DENIED without prejudice** (Doc. 53).

2. Plaintiff's Amended Motion for Default Entry is **DENIED without prejudice** (Doc. 55).

---

[2] Further, Plaintiff incorrectly remarks that Defendants' response to its amended complaint was due on August 13, 2024 (Doc. 53 at 1). Instead, Defendants have twenty-one days after being served with the summons and complaint to answer or otherwise respond. Fed. R. Civ. P. 12(a)(1)(A). Thus, assuming that Defendants were served on July 30, 2024, Defendants had until August 20, 2024, to respond.

[3] Plaintiff has filed proof of service as it pertains to its original complaint (Docs. 9, 10). However, the same has not been filed for Plaintiff's amended complaint.

4

5

**DONE AND ORDERED** at Jacksonville, Florida, on September 3, 2024.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Parties