UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WHITNEY PHILLIPS and
IAN PHILLIPS,

      Plaintiffs,

v.                          CASE NO. 3:23-cv-1041-TJC-MCR

ASHLEY GRAYSON and DIGITAL
COURSE RECIPE,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Allow Late Filing of Motion for Extension of Time to Respond to Amended Complaint (Doc. 56), and Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Doc. 57). Upon consideration and as explained below, both Motions are **DENIED without prejudice.**

### I.    Defendants' Motions

On August 22, 2024, Defendants filed a Motion requesting that the Court accept its late Motion for an Enlargement of Time to respond to Plaintiff's Amended Complaint (Doc. 56 at 1). Therein, Defendants explained certain technical difficulties in attempting to file a timely motion, seeking an extension of time to respond to Plaintiff's complaint (*Id.*).

On August 22, 2024, Defendants filed a Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint, seeking a 20-day extension (Doc 57). Defendants indicated that, pursuant to Local Rule 3.01(g), "no agreement was made" prior to Defendants' filing (*Id.*).

## II.  Standard

Per Local Rule 3.01(g), "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." Additionally, under Local Rule 3.01(a), "[a] motion must include . . . a legal memorandum supporting the request." Local Rule 3.01(a).

## III.  Analysis

Defendants' Motion to Allow Late Filing of Motion for Extension of Time to Respond to Amended Complaint is insufficient for at least three reasons (Doc. 56).

First, regarding compliance with Local Rule 3.01(g), Defendants' Exhibit D is an email correspondence in which Plaintiff clearly states: "I do have objections to accept a late filing and the motion for enlargement of time" (Doc. 56-4). Thus, this Motion is opposed, despite Defendants' certification stating otherwise (Doc. 56 at 2).

Second, regarding compliance with Local Rule 3.01(a), Defendants

2

failed to include a legal memorandum supporting their request for a late filing. At most, Defendants briefly cite to one case that contemplates dismissing a contract claim with prejudice, and that reference does not appear to be "a legal memorandum supporting the request" therein (Doc. 56 at 2).

Third, Defendants' Certificate of Service states that its motion was filed on August 21, 2024, but such was not actually filed until August 22, 2024 (Doc. 56 at 3).[1] In light of the above deficiencies and misrepresentations, Defendants' Motion to Allow Late Filing of Motion for Extension of Time to Respond to Amended Complaint is **DENIED without prejudice.**

Given the Court's denial of Defendants' Motion to Allow Late Filing of Motion for Extension of Time to Respond to Amended Complaint, this Court will not consider Defendants' late filing (Doc. 57). Consequently, Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint is **DENIED without prejudice.**

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Allow Late Filing of Motion for Extension of Time to Respond to Amended Complaint is **DENIED without**

---

[1] A similar inaccuracy is present in Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Doc. 57 at 2 (certifying that the Motion was electronically filed on August 20, but such did not actually occur until August 22)).

**prejudice** (Doc. 56).

2. Defendants' Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint is **DENIED without prejudice** (Doc. 57).

**DONE AND ORDERED** at Jacksonville, Florida, on September 3, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Parties